**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FILED**

OCT 13 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| DONALD DAVIS, | ) | CASE NO.: 1:21-CV-717 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MARY Z. CORNELY, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff, Donald Davis's ("Mr. Davis" or "Plaintiff") Motion to Dismiss Defendants, Mary Z. Cornely's ("Ms. Cornely") and Carl D. Wood's ("Mr. Wood") (collectively, "Defendants") Amended Counterclaims. (ECF #23). Defendants filed a Joint Response in Opposition to the Motion to Dismiss (ECF #25). Plaintiff did not file a reply in support. For the reasons that follow, Plaintiff's Motion to Dismiss (ECF #23) is DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2021, Mr. Davis, a tenant of a single-family residential home located at 2076 West 83rd Street in Cleveland, Ohio (the "property"), filed his First Amended Complaint (the "Complaint") against Defendants, Ms. Cornely, landlord, and Mr. Wood, property manager, alleging violations of Sections 818 and 804(a) of the Fair Housing Act, 42 U.S.C. §§ 3617 and 3604(a) (Count I); Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b) (Count II); Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c) (Count III); the Thirteenth Amendment to the Constitution of the United States and the Civil Rights Act of 1866, 42 U.S.C. § 1982 (Count IV); the Thirteenth Amendment to the Constitution of the United States and the Civil Rights Act of 1870, 42 U.S.C. § 1981 (Count V), and a request for declaratory relief. (ECF #21).

1

In his Complaint, Mr. Davis, an African American man, alleges that he has rented the property and paid rent for the past five and a half years, and used the residence to host and provide care to foster children, particularly young men. In the summer of 2020, Plaintiff contacted Ms. Cornely regarding the poor conditions of the property, advising that a caseworker had also expressed concerns, and requested that repairs be made. While allegedly waiting on the repairs, Mr. Davis deposited his rent payments with the Cleveland Municipal Clerk of Courts. (*Id.* at ¶¶ 8-34).

On or around September 11, 2020, Plaintiff alleges that Mr. Wood came to the property and an altercation ensued, during which he told Plaintiff, "You aint nothing but a broke n*gger who don't like to pay his bills" and threatened physical violence. (*Id.* at ¶¶ 35-36). On September 17, 2020, Mr. Davis filed a lawsuit in Cuyahoga County Court of Common Pleas Court against Mr. Wood seeking a civil stalking protection order, alleging Defendants engaged in a continuing series of retaliation and coercion, including failure to make repairs, threats to raise rent, and requests for private information from Ohio Guidestone, the agency overseeing Mr. Davis's foster care placements. (*Id.* at ¶¶ 48-56).

On July 23, 2021, Defendants separately filed Amended Counterclaims against Plaintiff. (ECF #19 and #20). Ms. Cornely and Mr. Wood both allege counterclaims for Bad-Faith Rent Deposit, Ohio Rev. Code § 5321.09(D); Tortious Interference with Contract or Business Relationship; Civil Liability for Criminal Acts Under Ohio Rev. Code § 2307.60 for Making False Alarms Under Ohio Rev. Code § 2917.32(A)(3); and Abuse of Process. (*Id.*). Mr. Wood additionally asserts counterclaims for Defamation, Assault, and Civil Liability for Criminal Acts Under Ohio Rev. Code §2307.60 for Assault and Attempted Assault Under Ohio Rev. Code § 2923.02(A). (ECF #20).

2

On August 10, 2021, Mr. Davis filed his Motion to Dismiss Defendants' Amended Counterclaims for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). (ECF #23). Plaintiff argues the counterclaims are not compulsory under Fed. R. Civ. P. 13(a), and fail to articulate an independent basis for subject matter jurisdiction if found permissive under Fed. R. Civ. P. 13(b). In their Joint Opposition, Defendants note that Plaintiff mistakenly relies on an outdated assertion of law distinguishing between compulsory and permissive counterclaims, and argues that because Mr. Davis has properly invoked the Court's original jurisdiction in this matter, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Defendants' counterclaims. (ECF #25).

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint. A motion to dismiss for lack of subject-matter jurisdiction may involve either facial attacks or factual attacks upon a court's jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack on the subject matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

When resolving a facial attack, the reviewing court assumes the allegations within the complaint are true. *Id.* "Where, on the other hand, there is a factual attack on the subject matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations." *Id.* When reviewing a facial attack, the court must weigh the conflicting evidence to determine whether subject-matter jurisdiction exists. *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004). Plaintiff bears the burden of establishing jurisdiction exists. *Madison Hughes v. Shalala*, 80 F.3d

3

1121, 1130 (6th Cir. 1996). Lack of subject-matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

## III.   DISCUSSION

Mr. Davis makes a facial attack on Defendants' Amended Counterclaims, arguing that because the central issues of his suit concern violations of federal Fair Housing and Civil Rights Acts, Defendants' counterclaims are improper as "they present legal questions of no federal significance which may substantially predominate over Plaintiff's federal Fair Housing Act claim." (ECF #23).  Plaintiff argues Rule 13 of the Federal Rules of Civil Procedure bars the Court from exercising supplemental jurisdiction over Defendants' state law claims, which he argues are better suited for resolution in municipal court.

Mr. Davis misstates the law by arguing that Defendants must articulate an independent basis to grant subject matter jurisdiction over Defendants' counterclaims. As the Sixth Circuit has found, 28 U.S.C. § 1367 confers broad supplemental jurisdiction so long as counterclaims form a part of the same case or controversy of the original claim for which the court has jurisdiction. *See, Frisby v. Keith D. Weiner & Associates Co.*, LPA, 669 F. Supp.2d 863, 872 (N.D. Ohio 2009); *see also Edwards v. Equitable Acceptance Corp.*, No. 1:14-cv-888, 2015 U.S. Dist. LEXIS 73903, 2015 WL 3607297, at *4-6 (N.D. Ohio June 8, 2015)). U.S.C. § 1367, in pertinent part reads,

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The Sixth Circuit has found supplemental jurisdiction over state law counterclaims where the claims rely on the same facts as Plaintiff's claims, forming part of the same case or controversy

4

such that they "derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004), citing *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996). This standard has been met where "state and federal law claims arise from the same contract, dispute, or transaction." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011).

Here, Plaintiff has successfully invoked the Court's federal question jurisdiction, alleging claims under federal statutes and the United States Constitution, including the Fair Housing Act and the Thirteenth Amendment. Mr. Davis's causes of action arise from the parties' landlord-tenant relationship and allegations that Defendants engaged in discriminatory and retaliatory conduct against him in violation of federal law. As Defendants thoroughly address in their briefings, the parties rely on overlapping facts stemming from that same relationship and disputed conduct, and while 28 U.S.C. § 1367(b) and (c) provide for exceptions to a district court's supplemental jurisdiction, Plaintiff fails to sufficiently invoke the subsections' applicability to the facts of this case. (ECF #25, pgs. 6-8).

In their claims for Bad-Faith Rent Deposit under Ohio Rev. Code § 5321.09(D), Defendants allege that on August 24, 2020, Mr. Davis notified Ms. Cornely that the conditions at the property were potentially harmful to his health and safety, and that on September 8, 2020, Mr. Davis deposited his rent with the Cleveland Municipal Court, less than 30 days from the date he provided notice and thus in non-compliance with Ohio Rev. Code § 5321.07(B). (ECF #19 and ECF #20, ¶¶ 133-136).

Defendants contend they took reasonable steps throughout Plaintiff's tenancy to correct any conditions at the property that could cause harm to Plaintiff or other occupants, and these attempts were thwarted by Plaintiff's interference with attempted repairs, including multiple

refusals to allow entry. By proceeding with rent deposits to the Clerk of Court despite their efforts

to make repairs to the property, Defendants allege Plaintiff's bad faith and liability for damages

under Ohio Rev. Code § 5321.09. The essence of what Defendants seek from the Court is relief

directly related to those claims upon which Plaintiff's Complaint is premised, namely, allegations

that Defendants engaged in discriminatory and retaliatory conduct in violation of federal law,

including failure to make reasonable repairs and meet notice requirements.

The same is true regarding the parties' counterclaim for Tortious Interference with Contract

or Business Relationship. (ECF #19 and ECF #20, ¶¶ 140-143).  Ms. Cornely and Mr. Wood argue

that Mr. Davis, as tenant, had knowledge of the valid contractual relationship and recognizable

economic expectancy between Defendants regarding the property. Defendants allege that,

> by falsely accusing Wood of making threats and racially inflammatory
> statements, making false police calls regarding Wood, attempting to assault
> Wood by throwing a package at Wood, and repeatedly denying Wood and
> repairmen that Wood supervised reasonable access to the Property as required
> under the Ohio Landlord Tenant Act, Davis knowingly and improperly
> interfered with the contractual relationship between Cornely and Wood. (*Id.* at
> ¶ 142).

Defendants sufficiently allege facts supporting their claim for Tortious Interference, citing specific

instances of Plaintiff's disputed conduct that purportedly resulted in harm and damages, and the

Court finds no reason to dismiss the claim.

Ms. Cornely and Mr. Wood also seek Civil Liability for Criminal Acts under Ohio Rev.

Code § 2307.60 for Plaintiff making a false alarm under Ohio Rev. Code § 2917.32(A)(3). (ECF

#19, ¶¶ 144-161; ECF #20, ¶¶ 168-185). The parties dispute whether Defendants provided the

requisite 24-hour notice for sending a repairman to the property on March 22, 2021, which

precipitated Plaintiff's calls to the Cleveland Division of Police, reporting that he had not received

notice in writing. Defendants allege multiple written notices were provided, and that Plaintiff made

6

a false statement to the Police when he called 911 and stated that Mr. Wood was wrongfully trying to gain access to the property, adding that "Davis's acts were willful, egregious, malicious, and worthy of a substantial sanction to punish and deter him…" (*Id.* at ¶¶ 185-186). Here, Defendants' allegations stem from those underlying circumstances alleged by Plaintiff in which he experienced harassment and lack of notice, and thus Defendants' counterclaim for civil liability arising from these same reports to the police are appropriately before this Court for resolution.

Similarly, in their counterclaim for Abuse of Process, Defendants allege Mr. Davis improperly used the court system and legal proceedings to attempt to accomplish an ulterior purpose, that of having Ms. Cornely transfer or "donate" the property to him. (ECF #19, ¶¶ 162-177, ECF # 20, ¶¶ 186-201). The counterclaim alleges that prior to Ms. Cornely taking ownership of the property, Mr. Davis intended to acquire ownership, and later threatened to file a lawsuit if she refused. After multiple failed requests, Defendants allege Mr. Davis followed through and filed the present matter before the Court. (*Id.*). Defendants contend,

> [a]fter Davis became aware that Cornely owned 2076 W. 83rd Street, Cleveland, Ohio, het set in motion various legal proceedings against Cornely and Wood. These legal proceedings included (1) depositing his rent with the Cleveland Municipal Clerk of Courts under Ohio Rev. Code § 5321.07, (2) filing a petition in Cuyahoga County Court of Common Pleas seeking a civil-stalking-protection order against Wood (Davis v. Wood, Case No. CV-20-937374), and (3) the federal, Fair-Housing case" and that "Davis perverted the proceeding in attempt to accomplish an ulterior purpose for which the legal proceeding was not designed. (ECF #20. at ¶¶194-195).

Defendants adequately allege an Abuse of Process claim and its nexus to Plaintiff's claims, and Mr. Davis does not successfully challenge or invoke an exception to the Court's supplemental jurisdiction.

Additionally, Mr. Wood alleges counterclaims for Defamation and Assault against Mr. Davis. (ECF #20 at ¶¶ 144-154; ¶ 155-159, and ¶160-167, respectively). In his claim for

Defamation, Mr. Wood denies Plaintiff's allegation that he ever called Mr. Davis a racial slur or threatened to "break him into pieces," and argues that Plaintiff makes these allegations for the purpose of causing him reputational harm and damage. (*Id.* at ¶¶ 144-154). In his counterclaims for Assault, Mr. Wood alleges that on March 31, 2021, he hand delivered to Plaintiff an Application for Release of Rent to the property and that Mr. Davis threw it at him as he walked away, almost hitting him. (ECF #20, ¶ 156).[1] Mr. Wood contests the veracity of Plaintiff's claims, including the allegations that he made racist and threatening remarks, and relies on shared facts and events in support of his counterclaims for Defamation and Assault, thereby asserting claims reliant on the same nucleus of operative facts.

The Court finds no compelling reason to dismiss Defendants' claims at this juncture. Defendants' counterclaims are reasonably derivative of the parties' landlord-tenant relationship and those same facts and allegations contained in Plaintiff's Complaint. Mr. Davis pleads no exception under 28. U.S.C. § 1367(b) or (c) to justify a refusal by this Court to exercise its supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367, the Court's supplemental jurisdiction over Defendants' counterclaims is proper and best serves the interests of judicial economy and efficiency. Accordingly, the Court denies Plaintiff's Motion to Dismiss Defendants' Counterclaims.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Dismiss Defendants, Mary Cornely's and Carol Wood's Amended Counterclaims (ECF #23) is hereby DENIED.

---

[1] Mr. Wood alleges common law Assault in Claim IV and Civil Liability for Criminal Acts Under Ohio Rev. Code § 2307.60 for Assault and Attempted Assault under Ohio Rev. Code § 2923.02(A). Mr. Wood argues the act of throwing the package constitutes the criminal act of assault under Ohio Rev. Code § 2903.13(A) and attempted assault under Ohio Rev. Code § 2923.02(A).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: _October 13, 2021_